IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR BELL, | ) | CASE NO. 5:15 CV 127 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELLE MILLER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] in this matter of Victor Bell's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254[2] is Bell's motion for summary judgment.[3] The Warden has not responded to that motion. For the reasons that follow, I will recommend that the motion be denied.

Bell's motion is premised on the assertion that he is entitled to summary judgment because the Warden did not file a responsive pleading within the time set out in the Federal Rules of Civil Procedure.[4]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on April 27, 2015.

[2] ECF # 1.

[3] ECF # 10.

[4] *Id.* at 2.

I note that this argument is similar to Bell's earlier motion for default judgment,[5] which was denied.[6] In that regard, I observe here, as was noted in my order denying the motion for default judgment, that my pretrial order dated April 27, 2015, expressly provided that the Warden file an answer to the petition within 23 days of that order – or by May 20, 2015.[7] Such an answer was filed on May 19, 2015,[8] and is, therefore, fully in compliance with the time requirements of the relevant pretrial order. Thus, the essential foundation for the present motion is unfounded and so cannot support the relief sought.

In addition, as with motions for default judgment, motions for summary judgment are disfavored in habeas proceedings when, as here, they are premised solely on a purported failure to comply with a procedural requirement.[9] In such circumstances, summary judgment is "tantamount to granting petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings."[10] Moreover, as the Warden's return of the writ makes plain, there are defenses to Bell's claims for relief which, if found meritorious, would preclude any right to summary judgment.

---

[5] ECF # 5.

[6] ECF # 8.

[7] *Id.* at 4 (citing ECF # 7).

[8] ECF # 11.

[9] *See*, *Smith v. Warden*, No. 2:14-CV-00554, 2015 WL 2237483, at *3 (S.D. Ohio May 12, 2015) (citations omitted).

[10] *Id.*, quoting *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003) (internal citations omitted).

Accordingly, for the reasons stated above, I recommend that Bell's motion for summary judgment grounded on an alleged failure by the Warden to timely file a return of the writ be denied without prejudice to any final adjudication of Bell's underlying claims for habeas relief.

Dated: June 4, 2015                                    s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[11]

---

[11] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).