IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR BELL, | ) | CASE NO. 5:15 CV 127 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELLE MILLER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Victor Bell for a writ of habeas corpus under 28 U.S.C. § 2254.[2] At the time of the filing of the petition, Bell was incarcerated by the State of Ohio at the Belmont Correctional Institution, where he was serving a three-year sentence imposed in 2013 by the Stark County Court of Common Pleas following Bell's conviction at a jury trial of one count of attempting to commit sexual battery.[3] As grounds for relief Bell contends that the trial court violated his Constitutional right of confrontation by admitting hearsay statements from the victim and that the evidence insufficient to support

---

[1] The matter was referred to me under Local Civil Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on April 27, 2015.

[2] ECF # 1.

[3] *Id*. at 1-2. According to the website of the Ohio Department of Rehabilitation and Correction, Bell was released from prison on February 7, 2016 and is presently subject to five years of post-release supervision. http://www.drc.ohio.gov/OffenderSearch.

the conviction, as well as arguing that the conviction was against the manifest weight of the evidence.[4]

The State in its return of the writ maintains that to the extent that Bell's hearsay claim merely states an alleged error of state law, it should be dismissed as non-cognizable. To the degree this claim purports to raise a Confrontation Clause issue, it should be denied because the Ohio appeals court properly concluded that since the victim testified at trial, there was no Confrontation Clause question present.[5]  Moreover, the State asserts that the manifest weight argument is also non-cognizable. The sufficiency of the evidence claim should be denied because the Ohio appellate court decision denying this claim was not an unreasonable application of clearly established federal law.[6]

Bell filed a traverse.[7]

For the reasons that follow, I will recommend that Bell's petition be dismissed in part and denied in part as is more fully set forth below.

---

[4] *Id*. at 5.

[5] ECF # 11 at 6-10.

[6] *Id*. at 10-15.

[7] ECF # 13.

## Facts

### A.    Underlying facts, trial and sentence

The facts found by the state appeals court are neither extensive nor complex.[8] The four-year-old sister of the male child victim in this case, who was seven years old at the relevant time, told her mother that the victim had attempted to put his penis in her mouth.[9] Upon being questioned by his mother, the victim initially told her that his behavior stemmed from when a classmate had pulled down his pants on the playground.[10] The victim's father then entered the room and asked him "did your uncle do something to you?"[11] When the victim replied in the affirmative, his parents contacted the North Canton Police Department and an investigation ensued.[12]

Among other things, law enforcement learned that Bell would occasionally drink to the point of blacking out and then have no recollection of what happened.[13] He also told officers that the victim's account of Bell attempting to put his penis into the victim's mouth could have happened during one such blackout.[14] Further, investigators learned that Bell

---

[8] ECF # 11, Attachment (state court record) at 64.

[9] *Id*. at 65.

[10] *Id.*

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id*. at 65, 69.

lived in the victim's home and occasionally babysat the children, having supervisory responsibility over the victim and his sisters.[15]

Bell was indicted on one count of attempted sexual battery and pled not guilty, requesting a jury trial.[16] Prior to the trial, the court held a hearing on the admissibility of a DVD taped interview with the victim conducted by a forensic investigator.[17] Bell stipulated to the admissibility of the contents of the DVD, with the exception of a portion of the interview transcript.[18] Accordingly, the trial court permitted portions of the DVD to played to the jury.[19]

In addition, Bell also stipulated that certain hearsay comments of the victim made to his mother would not be objected to, reasoning that the comments would show that the victim had not initially named Bell as guilty of any offense.[20]

Although the prosecution relied on the testimony at trial of the victim, as well as from the victim's mother and an expert nurse practitioner who made use of the DVD interview the

---

[15] *Id*. at 69.

[16] *Id*. at 65.

[17] *Id*.

[18] *Id*.

[19] *Id*.

[20] *Id*.

victim had with the forensic investigator,[21] Bell called no witnesses.[22] The jury found Bell guilty as charged on the single count of the indictment.[23]

Following a sentencing hearing, on April 26, 2013 Bell was sentenced to 36 months in prison and classified as a Tier III sexual offender.[24]

## B.    Direct appeals

### 1.    *Ohio court of appeals*

Bell thereupon appealed to the Ohio court of appeals.[25] In his brief in support, he raised the following two assignments of error:

> 1.    The trial court violated appellant's right of confrontation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution by improperly admitting hearsay statements of the alleged victim. Further by admitting these hearsay statements the court erred by allowing repetave [*sic*] and cumulative evidence which had the prejudical [*sic*] effect of denying appellant his right to a fair trial.

----

[21] *Id*. at 69, 70.

[22] *Id*. at 66.

[23] *Id.*

[24] *Id.* at 13-17.

[25] I note that Bell's appeal has two time stamps of filing; one, which is not fully legible,  appears to be May 26, 2013 and the other is May 30, 2013. The filing itself states it was hand delivered to the prosecutor on May 28, 2013. *Id*. at 18. It therefore seems as if the notice of appeal may have been untimely filed under Ohio law. Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). However, the Ohio appellate court never considered this issue and it ruled on Bell's appeal on the merits.

2.      The evidence presented at trial is insufficient to sustain the convictions and the verdicts are against the manifest weight of the evience [sic].[26]

The State filed a responsive brief.[27] On February 24, 2014 the Ohio appellate court overruled both assignments of error and affirmed the judgment of the trial court.[28]

## 2.      *The Supreme Court of Ohio*

On April 10, 2014 Bell, *pro se*, timely filed[29] a notice of appeal with the Supreme Court of Ohio, together with a memorandum in support of jurisdiction.[30] In the memorandum in support of jurisdiction Bell raised the following three propositions of law:

1.      The trial court violated appellant's right of confrontation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution by improperly admitting hearsay statements of the alleged victim. Further, by admitting these hearsay statements the court erred by allowing repetave [*sic*] and cumulative evidence which had the prejudical [sic] effect of denying appellant his right to a fair trial.

2.      The evidence presented at trial is insufficient to sustain the convictions and the verdicts are against the manifest weight of the evidence.

---

[26] ECF # 11, Attachment at 22.

[27] *Id*. at 44.

[28] *Id*. at 64, 73.

[29] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). The certificate of service indicates that Bell placed his notice of appeal and supporting brief in the prison mail system on April 2. ECF # 11, Attachment at 84. The notice itself was filed on April 10. *Id*. at 74.

[30] *Id*. at 74-84.

3.     The counsel provided was ineffective counsel and violated the appellant's right to a fair trial.[31]

The State waived the filing of a response,[32] and then, on June 11, 2014, the Supreme Court of Ohio declined to accept jurisdiction.[33] The record does not indicate that Bell then sought a writ of certiorari from the Supreme Court of the United States.

## C.     Post-conviction proceedings

### 1.     Delayed application to re-open the appeal

On August 5, 2014, or more than five months after the appeals court's decision, Bell, *pro se,* filed an application to re-open his appeal under Ohio Appellate Rule 26(B), arguing that he had received ineffective assistance from his appellate counsel.[34] The State opposed the application.[35] On October 7, 2014, the Ohio appeals court denied Bell's application as untimely, finding that he had not demonstrated good cause for the late filing.[36] Bell did not appeal that decision to the Supreme Court of Ohio.

### 2.     Motion for judicial release

On December 23, 2014, Bell, *pro se*, moved the trial court for judicial release, arguing that since his conviction he had turned his life around by giving up alcohol and now believed

---

[31] *Id*. at 77.

[32] *Id*. at 96.

[33] *Id*. at 97.

[34] *Id*. at 98-104.

[35] *Id*. at 105.

[36] *Id*. at 116.

he was able to re-enter society without risk of re-offending.[37] The State did not file a response, and on January 9, 2015 the trial court denied the motion.[38] The record does not show that Bell then appealed this decision to the Ohio appellate court.

## D.      Federal habeas petition

On January 13, 2015, Bell, *pro se*, timely[39] placed the present petition for federal habeas relief in the prison mail system,[40] which petition was then filed with this Court on January 21, 2015. In his petition, Bell raises the following two grounds for habeas relief:

> Ground One:          The trial court violated appellant's right of confrontation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution by improperly admitting hearsay statements of the alleged victim. Further by admitting these hearsay statements the court erred by allowing repetive [sic] and cumulative evidence which had the prejudical [sic] effect of denying appellant his right to a fair trial.[41]

---

[37] *Id.* at 119-21.

[38] *Id.* at 122.

[39] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).  The Ohio Supreme Court declined jurisdiction over Bell's direct appeal on June 11, 2014, or approximately seven months before the filing of the federal habeas petition, thus making the petition timely.

[40] ECF # 1 at 10.

[41] *Id.* at 6.

> Ground Two:  The evidence presented at trial is insuficient [sic] to sustain the convictions and the verdicts are against the manifest weight of the evidence(sic) [sic]. [42]

As noted, the State filed a return of the writ arguing that to the extent the first ground for relief merely states a claim objecting to the introduction of evidence based in state law, it should be dismissed as non-cognizable.[43] Further, it maintains that to the extent the first ground for relief is premised on a violation of the right to confront the person allegedly responsible for making the statements later related as hearsay, the Ohio appeals court properly found that this right was not implicated here because the victim testified at trial and Bell had an opportunity to cross-examine him as to the statements at issue.[44]

As to the second ground for relief, the State contends first that the manifest weight portion of this claim is non-cognizable as purely a question of state law.[45] In addition, the State argues that the sufficiency of the evidence claim, though properly cognizable, should be denied on the merits because the Ohio appeals court, applying the clearly established federal law of *Jackson v. Virginia*,[46] properly found that, viewing the evidence most

---

[42] *Id*. at 7.

[43] ECF # 11 at 8.

[44] *Id*. at 9-10.

[45] *Id*. at 10-11.

[46] 443 U.S. 307 (1979). As the State further notes, this standard was applied using the Ohio case of *State v. Jenks*, 61 Ohio St. 3d 259 (1991), which incorporated the Supreme Court's holding in *Jackson* into Ohio law. ECF # 11 at 13, fn. 5.

favorably to the State, all the elements of the offense were established beyond a reasonable doubt.[47]

As noted, Bell filed a traverse.[48]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Bell was in state custody as a result of his conviction and sentence by an Ohio court at the time he filed this petition.   He has since been released from prison and  is presently subject to five years of post-release supervision.[49] Thus, Bell meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[50]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[51]

---

[47] ECF # 11 at 11-15.

[48] ECF # 13.

[49]  The Sixth Circuit teaches that a habeas case is not mooted because a petitioner has been released from custody after the petition was filed because even the possibility of collateral consequences flowing from an improper conviction is sufficient to preserve an actual case or controversy. *DePompei v. Adult Parole Authority*, 999 F.2d 138, 140-141 (6th Cir. 1993)(citation omitted).

[50] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[51] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

3.     In addition, Bell states,[52] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[53]

4.     Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[54]

5.     Finally, Bell is not represented by counsel. He requested the appointment of counsel,[55] which request was denied.[56] Also, he has not requested an evidentiary hearing to develop the factual bases of his claims.[57]

## B.     Standards of review

### 1.     Non-cognizable claims

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[58] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[59] In such circumstances, a claim for federal habeas

---

[52] ECF # 1 at 9.

[53] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[54] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[55] ECF # 3.

[56] ECF # 8.

[57] 28 U.S.C. § 2254(e)(2).

[58] 28 U.S.C. § 2254(a).

[59] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[60]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[61] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[62] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[63]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[64] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[65] and may not second-guess a state court's interpretation of its own procedural rules.[66] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[67] the Sixth Circuit has recognized that "'[e]rrors

---

[60] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[61] *Estelle*, 502 U.S. at 67-68.

[62] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[63] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[64] *Id.*

[65] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[66] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[67] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

-12-

that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[68]

## 2.  *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[69], codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[70]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[71]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[72] and  "difficult to meet,"[73] thus, preventing petitioner and

---

[68] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[69] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[70]  *See* 28 U.S.C. § 2254 (2012).

[71]  28 U.S.C. § 2254(d) (2012).

[72] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[73]  *Id.* (citation omitted).

federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[74]

a.    *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[75]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[76] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[77] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[78]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[79]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[80]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case

---

[74] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[75] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[76]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[77]  *Id.*

[78]  *Id.*

[79]  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[80]  *Id.*

-14-

differently than the Supreme Court has previously, a writ will issue.[81]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[82]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[83]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[84]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[85]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

---

[81]  *See id.*

[82]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[83]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003)).

[84]  *Id.*

[85]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

-15-

*b.*    *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[86]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[87] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[88] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review"or "by definition preclude relief,"[89] it is indeed a difficult standard to meet.   "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[90]

## C.    **Application of standards**

**1.**    ***The portions of ground one that claim evidence was improperly admitted in violation of Ohio law should be dismissed as non-cognizable.***

---

[86]  *Brumfield*, 135 S.Ct. at 2277.

[87]  28 U.S.C. § 2254(e)(1) (2012).

[88]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

[89]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[90]  *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

Bell states in his supporting facts for ground one that the trial court erred by using statements that were not admissible as evidence when it admitted both testimonial and non-testimonial hearsay.[91] In his traverse, he argues with some detail that statements made to a social worker cannot be admitted as an exception to the hearsay rule under the Ohio Rules of Evidence.[92] Moreover, he contends that these statements by the social worker, which were then referred to by the nurse, police officers and detective in this case, constituted cumulative errors that were prejudicial to him.[93] Finally, as the State observes, Bell also mentions in his brief in support other comments alleged to be hearsay, such as the admission of the victim's father's out-of-court statements.[94]

First, any statements not raised in Bell's state appeals court argument are now deemed waived for the purposes of federal habeas review.[95] Moreover, as a general matter, the admissibility of evidence is a matter of state law, not cognizable in a federal habeas proceeding.[96] Only when the evidentiary ruling was so egregious that it resulted in the denial of due process may it warrant habeas relief.[97] In that regard, courts have defined the category

---

[91] ECF # 1 at 6.

[92] ECF # 13 at 4-5.

[93] *Id*. at 5-7.

[94] *See*, ECF # 11 at 7, fn. 3.

[95] *See, Harris v. Reed*, 489 U.S. 255, 260-62 (1989).

[96] *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

[97] *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.), *cert. denied*, 540 U.S. 930 (2003).

-17-

of infractions that violate fundamental fairness very narrowly,[98] such that it includes only a state court evidentiary ruling that offends some principle of justice so rooted in the traditions and conscience of out people as to be ranked as fundamental.[99]

Here, the claim that the admission of the victim's out-of-court statements violated Ohio evidentiary rules is non-cognizable because it raises an issue of state law. Further, the admission of the DVD of the forensic interview of the victim, as well as the testimony of the nurse practitioner and psychology assistant that relied on that DVD, together with the testimony of the victim's mother, did not deny Bell any fundamental right to a fair trial. As the State notes, the trial judge was careful to issue an instruction to the jury to use the DVD only for the purpose of showing the victim's demeanor during the interview, not for the truth of any of the statements.[100] Moreover, Bell had stipulated to the use of most of the DVD, as well as to the testimony of the victim's mother. Finally, and most importantly, the victim testified to the same thing at trial, where Bell had the opportunity to cross-examine him.[101]

Thus, for the reasons states, to the degree that ground one raises issues other than a challenge under the Confrontation Clause, I recommend that it be dismissed as non-cognizable.

---

[98] *Dowling v. United States*, 493 U.S. 342 (1990).

[99] *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[100] ECF # 11 at 8 (citing record).

[101] *Id.*

**2.      *To the extent that ground one alleges that the Constitutional right of confrontation was violated, this claim should be denied on the merits after AEDPA review.***

Here, as noted, the Ohio appeals court found that no violation of the Confrontation Clause exists here because the victim testified at trial, and Bell had an opportunity to cross-examine him. As the Ohio court stated:

> {¶ 13}Nonetheless, it is well established that the Confrontation Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.  See *State v. Siler*, Ashland App.No. 02 COA 28, 2005-Ohio-6591, ¶ 51, quoting *State v. Marbury*, Montgomery App. No. 19226, 2004-Ohio-1817, ¶ 38, citing *Crawford* at 59, f.n. 9. In the case sub-judice, it is undisputed that the child victim, age eight by the time of trial, took the stand and testified. We therefore find no Confrontation Clause violation under the circumstances of the case sub-judice. We further find no merit in appellant's claim of cumulative error regarding the victim's statements.[102]

Indeed, the court later reiterated that because the victim testified and was subject to cross-examination, there was no Confrontation Clause violation.[103]

On this record, the decision of the Ohio appeals court was not an unreasonable application of the clearly established federal law of *Crawford v. Washington*,[104] and so this ground for relief should be denied on the merits after AEDPA review.

**3.      *That part of ground two contending that the conviction was against the manifest weight of the evidence should be dismissed as non-cognizable.***

---

[102] *State v. Bell*, 2014 WL 726739 at *2 (Ohio App. 5th Dist. Feb. 24, 2014).

[103] *Id.* at *4.

[104] *Crawford v. Washington*, 541 U.S. 36 (2004).

-19-

A claim that the conviction is against the manifest weight of the evidence does not, of itself, raise a claim cognizable in a federal habeas proceeding, but rather only presents an issue of state law.[105] A manifest weight of the evidence claim under Ohio law requires the reviewing court to act as a "thirteenth juror," and so review the entire record, weighing the evidence and considering the credibility of witnesses, to determine if the jury clearly lost its way such that a new trial must be ordered.[106] In light of that, as was succinctly stated by United States Magistrate Judge King of the Southern District of Ohio,[107] "[s]ince a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, [a] petitioner's claim that his conviction was against the manifest weight of the evidence cannot be considered by this [federal habeas] Court."[108]

4.      ***The balance of ground two that claims that the conviction was not supported by sufficient evidence should be denied after AEDPA review because the Ohio appellate court's decision in this regard was not an unreasonable application of the clearly established federal law of Jackson.***

As is well-established, the relevant inquiry in a sufficiency of the evidence claim is "whether, after viewing the evidence in a light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[105] *See, Tibbs v. Florida*, 457 U.S. 31, 43-45 (1982); *see also*, *Walker v. Engle,* 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983).

[106] *State v. Martin*, 20 Ohio App. 3d 172, 175 (Ohio App. 1983).

[107] *Parsley v. Warden, Noble Correctional Institution,* 2012 WL 368033 (S.D. Ohio Feb. 3, 2012)(report and recommendation), 2012 WL 639510 (S.D. Ohio Feb. 28, 2012)(order adopting report and recommendation and dismissing petition).

[108] *Parsley*, 2012 WL 368033, at * 10.

-20-

doubt."[109] Under this standard, the federal habeas court, when faced with a record that supports conflicting inferences from the facts, must presume - even when it does not affirmatively appear from the record - that the trier of fact resolved all such conflicts in favor of the prosecution, and so must defer to that resolution.[110] Consequently, the reviewing court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its own view of the facts for that of the jury that convicted the petitioner.[111]

As has been often noted, the *Jackson* standard presents an almost insurmountable hurdle for a habeas petitioner in the context of AEDPA review. First, deference under *Jackson* must be given to the conclusions of the trier of fact, and then AEDPA deference must be given to the decision of the state reviewing court in its consideration of the petitioner's claim in this regard.

Here, the Ohio appeals court applied the clearly established federal law of *Jackson* to Bell's sufficiency of the evidence claim.[112] The court thereupon identified the criminal statute at issue in Bell's case and then discussed the evidence presented by the prosecution in connection with the elements of the offense:[113]

---

[109] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(emphasis original).

[110] *Id.* at 326.

[111] *Id.* at 318-19.

[112] As noted above, the Ohio court did this by applying the Ohio case which incorporated *Jackson* into Ohio law.

[113] *Bell*, 2014 WL 726739, at *2-3.

{¶ 16} In reviewing the claim based on the sufficiency of the evidence, "[t]he relevant inquiry is whether, after reviewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 17} The pertinent statute in this appeal states that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person."  The term "sexual conduct" is statutorily defined to include fellatio. See R.C. 2907.01(A). Furthermore, R.C. 2923.02(A) defines "attempt" as follows: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶ 18} Appellant does not herein appear to raise a challenge to his status as a person in loco parentis at the time in question. We note the victim's mother testified that appellant lived with them between November 2011 and March 2012 and that he occasionally babysat and had supervisory responsibilities over the victim and his sisters during that time frame. See Tr.160-162.

{¶ 19} At the trial in the case sub judice, the State presented the testimonial recollection of the victim that he had encountered appellant at the top of the stairs on an occasion when his parents were not present. As the child moved to the top of the stairs in order to get one of his stuffed toys, he observed appellant standing there with his pants around his ankles and his shirt pulled up to his head and neck area. Tr. at 140, 142-143. According to the victim, appellant "told me to wiggle his wee-wee." Tr. at 141.  Appellant then told him to put his penis in his mouth. Tr. at 142. The victim remembered that the penis was "hairy." Tr. at 142. The victim then ran to the basement and hid. See Tr. at 139-141. The victim's account was also reiterated to the jury via the testimony of NEOBH psychology assistant Carrie Schnirring. See Tr. at 257 et seq.  In addition, forensic

interviewer C.J. Taylor made a DVD of an interview she conducted with the victim, which was subsequently utilized for purposes of Nurse Practitioner Alissa Edgein's expert testimony.

Although Bell argues here and argued to the Ohio appeals court that the testimony of the victim was not credible and that his testimony was inconsistent and not corroborated by physical evidence, it is well-settled that this Court may not independently re-weigh the evidence nor reconsider the credibility of the witnesses who testified at trial.[114] It is further well-settled that the testimony of the victim alone without other physical evidence is sufficient to support a conviction under the *Jackson* standard.[115]

Accordingly, the sufficiency of the evidence portion of ground two should be denied on the merits after AEDPA review because the decision of the Ohio appeals court was not an unreasonable application of the clearly established federal law of *Jackson*.

## Conclusion

For the foregoing reasons, I recommend that the *pro se* petition of Victor Bell for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed in part and denied in part as is more fully set forth above.

Dated: April 25, 2016                           s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

[114] *See, United States v. Talley,* 164 F.3d 989, 996 (6th Cir.)*, cert. denied*, 526 U.S. 1137 (1999).

[115] *Tucker v. Palmer*, 541 F.3d 652, 659 (6th Cir. 2008).

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[116]

---

[116] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).